# BENEFICIARIES OF MACKEY, DECEASED,
*Respondents,*

*v.*

# CONTINENTAL BAKING COMPANY, *Appellant.*
## (No. 421-356, CA 5709)
550 P2d 761

Argued and submitted April 26, 1976.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the briefs were Michael D. Hoffman and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Alan M. Scott,* Portland, argued the cause for respondents. With him on the brief were Gary M. Galton, Sidney A. Galton and Galton & Popick, Portland.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

The issue in this workmen's compensation case is whether claimants proved a causal connection between decedent's industrial back injury of February 10, 1971, and the acute bacterial meningitis which caused his death on July 28, 1974. The referee concluded the meningitis was not causally related to the industrial injury. The Workmen's Compensation Board reversed, finding that the causal relationship had been shown and the circuit court affirmed the Board. This appeal by the employer resulted.

The workman was 51 years old when he died on July 28, 1974, and the cause of death was listed as "acute bacterial meningitis and ventriculitis with cerebral edema."

The workman initially sustained a low back injury in February 1971, and was operated on a month later for "relief of radiculitis [inflammation of a nerve root] in the low lumbar area." His postoperative recovery was complicated by a staphylococcus infection which required subsequent hospitalizations and a series of operations. The last surgery for treatment of the infection was in February 1973. He continued to receive outpatient and nonsurgical care periodically until the time of his death. He worked during 1973 and until July 11 in 1974. In June 1974 his painful symptomatology increased, involving the low back and right lower extremity. On July 27, 1974, the workman suddenly developed a weakness of the right lower extremity with numbness and an inability to move the leg. He developed a fever and appeared confused and drowsy. His wife took him to the hospital that evening where he died approximately seven hours later. An autopsy revealed the cause of death to be "a typical staphylococcal meningitis * * *."

All medical evidence consisted of physician and hospital reports. Dr. Robert Tinker, a general practitioner who was the treating physician, and Dr. Peter

[ 643 ]

Fuchs, the pathologist who conducted the autopsy, submitted reports which appeared to support claimants' contention. Reports from Dr. William Brady, pathologist, and Dr. Edward Kloos, neurosurgeon, were to the contrary. Dr. Brady, who based his report on a reading of the autopsy report as well as the reports of Dr. Kloos and Dr. Alexander H. Levy, believed that the source of the meningeal infection could only be a matter of conjecture. Dr. Kloos was inclined to favor the hypothesis that the infection may have arisen from the paranasal sinuses.

Dr. Fuchs advanced two possible hypotheses: one, that the bacterial meningitis was related to an infection from the paranasal sinuses and, second, which he favored, that the acute meningitis was a delayed result of the infection following the back surgery. Dr. Tinker, the treating physician, concluded that Dr. Fuchs' hypothesis was reasonable even though it was based on conjecture.

After reviewing the record, we are persuaded by Dr. Fuchs' conclusion, as was the circuit court, that the meningitis was more likely related to a delayed flare-up of the wound infection from the back surgery. We thus agree with the determination of the circuit court that there was "* * * a causal connection between the injury, its subsequent treatment, and the eventual death from an infection. Hence, the beneficiaries are entitled to an award pursuant to the provisions of ORS 656.204."

Affirmed.